IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-48,832-02 & WR-48,832-03






EX PARTE RAMIRO RUBI IBARRA







ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. 1996-634-C FROM THE

54th DISTRICT COURT OF MCLENNAN COUNTY 





 Per Curiam.


O R D E R



 These are subsequent applications for writs of habeas corpus filed pursuant to Texas Code of
Criminal Procedure, Article 11.071, Section 5. Applicant asserts that he is mentally retarded and cannot
be executed and that his case must be reviewed because he was not informed of his right to consular
notification.

 Applicant was convicted of capital murder on September 22, 1997. We affirmed the conviction
and sentence on direct appeal. Ibarra v. State, 11 S.W.3d 189 (Tex. Crim. App.1999). On June 21,
1999, applicant filed his initial application for writ of habeas corpus pursuant to Article 11.071. We denied
relief. Ex parte Ibarra WR-48,832-01 (Tex. Crim. App. April 4, 2001). On June 19, 2003, applicant
filed a subsequent application in which he raised two issues. This Court determined that one of those
claims, that he was mentally retarded and could not be executed, met the requirements of Article 11.071,
Section 5, and remanded the cause to the convicting court for resolution of the claim. We have reviewed
the record that has now been returned to this Court. We agree with the convicting court that applicant has
not established that he is mentally retarded. Ex parte Briseno, 135 S.W.3d 1 (Tex. Crim. App. 2004). 
Relief is denied on applicant's claim that he is mentally retarded and may not be executed.

 During the pendency of applicant's first subsequent application, a second subsequent application
was filed in which applicant asserted that his rights under the Vienna Convention on Consular Relations had
been violated and that the International Court of Justice and President George W. Bush had directed that
his case be again reviewed for harm that may have arisen from this alleged treaty violation. In Ex parte
Medellin, __S.W.3d__, AP-75,207 (Tex. Crim. App. November 15, 2006), we held that these arguments
do not meet the requirements for consideration of subsequent claims under Article 11.071, Section 5. 
Applicant raises the same issues we considered and rejected in Medellin. We therefore hold that applicant
has not met the requirements of Section 5 and dismiss this second subsequent application.

 IT IS SO ORDERED THIS THE 26TH DAY OF SEPTEMBER, 2007.


Do Not Publish